MDR

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Ricardo Federico Perez Chavez,<br>Petitioner,<br>v.<br>Luis Rosa, Jr.,<br>Respondent. | No. CV-26-03298-PHX-MTL (JFM)<br>**ORDER** |

On May 11, 2026, self-represented Petitioner Ricardo Federico Perez Chavez, who is confined in the Florence Correctional Center, filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) challenging his immigration detention and a Motion for Appointment of Counsel (Doc. 2). The Court will deny the Petition, deny as moot the Motion for Appointment of Counsel, and dismiss this action.

**I. Petitioner's First Petition**

Petitioner first sought habeas corpus relief in *Chavez v. Noem*, CV-26-00323-PHX-MTL (JFM). The issue in that case was whether Petitioner, who had entered the United States without inspection in 2022, was subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) or eligible for a bond determination under 8 U.S.C. § 1226(a). In a February 9, 2026 Order, the Court denied the petition, concluding Petitioner was subject to mandatory detention under § 1225(b)(2)(A). *See* Doc. 9 in CV-26-00323.

. . . .

. . . .

## II. Petitioner’s Current Petition

In his current Petition, Petitioner states he entered the United States illegally in November 2022 and was detained by Immigration and Customs Enforcement (ICE) on August 30, 2025. (Doc. 1 at 21.) He claims an immigration judge ordered him removed on December 9, 2025, and his appeal of that order is pending. (*Id*. at 2, 12.)

Petitioner seeks release or a bond hearing, raising eight grounds for relief:

> Ground One: he has been detained by ICE “beyond the removal period” in 8 U.S.C. § 1231, and is not likely to be removed in the foreseeable future (*id*. at 6);
>
> Ground Two: he has been detained for a “prolonged period,” in violation of his Fifth Amendment right to due process (*id*.);
>
> Ground Three: he is entitled to a bond hearing pursuant to 8 U.S.C. § 1225(b) (*id*.);
>
> Ground Four: he is subjected to unconstitutional conditions of detention (*id*. at 7);
>
> Ground Five: his prolonged detention without meaningful review violates his right to due process (*id*. at 8);
>
> Ground Six: “[a]utomatic detention base[d] on ‘Arriving Alien[’] status is unconstitutional as applied” to Petitioner, who has been detained for months without a bond determination (*id*.);
>
> Ground Seven: the failure to conduct an individualized bond hearing violates his due process rights (*id*.); and
>
> Ground Eight: his prolonged detention violates *Zadvydas v. Davis*, 533 U.S. 678 (2001). (*Id*.)

## III. Discussion

### A. Grounds One and Eight

To the extent Petitioner believes his detention is governed by 8 U.S.C. § 1231 and *Zadvydas*, he is mistaken because his appeal of the removal order is pending and, therefore, his removal order is not yet final. *See* 8 U.S.C. § 1231(a)(1)(A) (explaining when the removal period begins). The Court will deny Grounds One and Eight.

. . . .

**B. Ground Three**

As the Court explained in its February 9, 2026 Order in CV-26-00323, any alien who enters the United States illegally and is clearly and beyond a doubt not entitled to admission, is subject to mandatory detention under § 1225(b)(2)(A). *Chavez v. Noem*, — F. Supp. 3d —, 2026 WL 381618, at *1-2 (D. Ariz. Feb. 9, 2026). *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *Avila v. Bondi*, 170 F.4th 1128, 1132-38 (8th Cir. 2026) (concluding that an alien detained in the interior is subject to mandatory detention, reasoning in part that for an alien to have been "admitted" for purposes of § 1225, the alien must have "made a lawful entry into the country," rather than "merely being present in the United States," and agreeing with the Fifth Circuit that an alien seeks admission "so long as he is present in the United States and has not been admitted," "regardless of whether he takes any further affirmative steps to gain admittance" (citation modified)). Petitioner, therefore, is not entitled to a bond hearing under § 1225(b). The Court will deny Ground Three.

**C. Grounds Two, Five, Six, and Seven**

The Supreme Court has determined there is no statutory right to periodic bond hearings for aliens detained during the pendency of removal proceedings. *Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018) ("Until [removal proceedings end] nothing in the statutory text imposes any limit on the length of detention. And neither § 1225(b)(1) nor § 1225(b)(2) says anything whatsoever about bond hearings."). And while *Jennings* did not address whether such a right exists under the Constitution, the Supreme Court subsequently held that an alien unlawfully present in the United States "has only those rights regarding admission that Congress has provided by statute." *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 140 (2020).; *see also Espinoza Lopez v. Noem*, No. CV-26-00345 (JHR), 2026 WL 266597, at *3 (S.D.N.Y. Feb. 2, 2026). Petitioner is subject to mandatory detention and, therefore, is not entitled to a bond hearing under statutory or constitutional authority. The Court will deny Grounds Two, Five, Six, and Seven.

. . . .

**D. Ground Four**

Petitioner's conditions of detention claim arises, if at all, under civil rights law, not habeas corpus law. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on the circumstances of confinement may be presented in a [civil rights] action.") (citation omitted). The Court will deny Ground Four.

**IT IS ORDERED:**

(1) The Petition for Writ of Habeas Corpus (Doc. 1) is **denied**. The Clerk of Court must enter judgment accordingly and close this case.

(2) Petitioner's Motion for Appointment of Counsel (Doc. 2) is **denied as moot**.

Dated this 15th day of May, 2026.

Michael T. Liburdi
United States District Judge